IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-00827-LTB-PAC

REMORA OIL COMPANY, a Colorado corporation, and
CELESTE GRYNBERG,

    Plaintiffs,

v.

MATRIX PRODUCTION COMPANY, a Texas corporation,

    Defendant.
_____

ORDER
_____

    This case is before me on Plaintiffs' Motion to Remand Action to State Court. After consideration of the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

**I.  Background**

    Plaintiffs commenced this action in the state district court for Rio Blanco County, Colorado. Plaintiffs' Complaint states claims for breach of contract, unjust enrichment, and conversion based on Defendant's alleged improper increase in the overhead and salt water disposal fees charged to Plaintiffs as the owners of working interests in an oil well operated by Defendant.

    On May 1, 2006, Defendant removed this action from the Rio Blanco County District Court based on diversity jurisdiction. Plaintiff now seeks to remand this case back to the Rio Blanco County District Court on the basis that this Court lacks jurisdiction over Plaintiffs' claims

because the amount in controversy is less than $75,000.

## II.  Analysis

In removing this case from the Rio Blanco County District Court, Defendant asserted that the amount in controversy exceeds $75,000 because Plaintiffs are seeking a determination of the amounts that Defendant can charge them for the operation of the subject oil well in the future in addition to money damages for past overcharges.  In their motion to remand, Plaintiffs dispute Defendants' characterization of the relief they seek in this case and argue that they are only seeking damages for past overcharges which amount to less than $75,000.  Plaintiffs further argue that Defendant cannot meet its burden of establishing jurisdiction in this Court.  I agree.

Generally, the party removing a case bears the burden of establishing that the federal court has jurisdiction.  *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). Further, "[r]emoval statutes are to be strictly construed ... and all doubts are to be resolved against removal."  *Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982).

The only relief requested in Plaintiffs' Complaint are damages for past overcharges. Accordingly, any judgment entered in Plaintiffs' favor would result in an award of these amounts only, which Defendant does not dispute total less than $75,000.  The fact that such a judgment would likely have a controlling effect on any subsequent efforts by Plaintiffs to recover future overcharges does not change the amount in controversy in this particular case.  *See New England Mort. Secur. Co., v. Gay,* 145 U.S. 123, 130 (1892) (contingent loss that either party may suffer based on probative effect of the judgment does not determine amount in controversy no matter how certain it is that such loss will occur).  Based then on the plain language of Plaintiffs' Complaint and the strict standards governing removal, I conclude that Defendant has failed to

establish the jurisdictional minimum amount in controversy and that this Court therefore lacks subject matter jurisdiction over Plaintiffs' claims. I further conclude, however, that Defendant nonetheless had an objectively reasonable basis to seek removal of this case and therefore decline to award attorney fees and costs to Plaintiffs. *See Martin v. Franklin Capital Corp.,* – U.S. –, 126 S. Ct. 704, 711 (2005).

     IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand Action to State Court [Doc. # 6] is GRANTED.

Dated: July   21  , 2006 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, CHIEF JUDGE